Turley, J.
delivered the opinion of the court.
In this case the plaintiff in ejectment claims title to the premises in dispute by a grant from the State of Tennessee bearing date the 17th day of July, 1837, upon an entry made in 1826; the defendants by a grant to their father bearing date 27th August, 1835, upon an entry made in July, 1832. This would give the plaintiff the superior title, his entry being the oldest; but the father of the defendants was entitled as an occupant previous to the date of the plaintiff’s entry to a portion of the disputed premises, of which the defend *167 ants were in possession at the date of the suit. No notice a design to enter the land was given by the plaintiff to occupant, as is required by the act of 1823, and therefore the entry and grant thereon are void for so much as the occupant had in possession at the date of the entry. The proof shows that the defendants had not extended their possession beyond that of their ancestor.
And the question now arises upon that portion of the charge of the court below which says, “that if the defendants held under the grant of their ancestor, their possession was to the extent of the grant; and that inasmuch as the statute of limitations would have perfected their title in seven years, the plaintiff would have a l’ight to sue although they were only in the actual possession of the occupancy belonging to their ancestor.” This charge is erroneous; although the statute of limitations, by its express words, makes a possession co-extensive with the boundaries of the paper title under which it is taken, yet it does not authorize a suit unless the possession is in violation of the actual rights of another; therefore, if titles conflict and the person in possession has the legal right to that upon which he has his foot, no suit can be brought against him although his title may cover land which belongs to another; the only remedy in such a case is for the person who has the legal right to take the actual possession, which stops the operation of the statute. The judgment of the court below will therefore be reversed, and the case remanded for further trial, when the judge will instruct the jury that if the defendants were not in the actual possession of more of the land in dispute than the occupancy of their ancestors a verdict must be found in their favor.